```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**NORTHERN DIVISION at ASHLAND**

ROBERT A. TRIPLETT,           )
                              )
    Plaintiff,               )
                              ) Civil Action No. 07-12-JMH
                              )
v.                            )
                              )
MICHAEL J. ASTRUE, COMMISSIONER ) **MEMORANDUM OPINION AND ORDER**
OF SOCIAL SECURITY,           )
                              )
    Defendant.               )
                              )
                              )

                      **   **   **   **   ****

This matter is before the Court on cross motions for summary judgment [Record Nos. 5 and 6][1] on the plaintiff's appeal of the Commissioner's[2] denial of his application for a period of disability and disability insurance benefits. The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

## I. Standard of Review

Judicial review of the Administrative Law Judge's ("ALJ") decision to deny disability benefits is limited to determining

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

[2] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), the Court has substituted Astrue for former Commissioner Jo Anne B. Barnhart as the defendant in this suit.

whether the findings are supported by substantial evidence and whether the proper legal standards were applied. *Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). The Court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* The ALJ's decision must be affirmed if it is supported by substantial evidence, even if the Court might have decided the case differently. *Id.*

## II.  Factual and Procedural History

Plaintiff filed his original application for a period of disability and disability insurance benefits on February 6, 2001, alleging that he was forced to cease his employment due to severe back and knee pain, carpel tunnel syndrome, breathing difficulties, and a variety of other ailments. The claim was denied on April 27, 2001, and on reconsideration on May 21, 2001. Plaintiff filed a request for hearing on June 7, 2001, and ALJ Chwalibog heard the matter on February 25, 2002. ALJ Chwalibog issued a denial decision on July 24, 2002. Disagreeing with the denial decision, Plaintiff filed a request for review with the Appeals Council,

which denied the request on September 13, 2002. On September 27, 2002, Plaintiff filed a civil action in this Court. After reviewing the evidence, the Court remanded the matter for consideration of the opinions of the examining physicians. On February 21, 2004, the matter was assigned to ALJ Kemper who denied Plaintiff's claim in a decision dated April 29, 2005. This appeal followed.

### III. ALJ Kemper's Decision

In determining disability, the ALJ conducts a five-step analysis pursuant to 20 CFR §§ 404.120 and 416.920. First, the ALJ determines whether the plaintiff is performing substantial gainful activity. Second, the ALJ determines whether one or more of the plaintiff's impairments are "severe." For the third step, the ALJ analyzes whether the plaintiff's impairments meet or equal a listed impairment. At step four, the ALJ determines whether the plaintiff can perform past relevant work. Once it has been determined that the plaintiff cannot perform past relevant work, the burden shifts to the Commissioner to prove that a significant number of other jobs that Plaintiff can perform exist in the national and local economies. *See Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

"The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the

claimant is not disabled, the burden transfers to the Secretary." *Id.*

In his denial decision, ALJ Kemper noted that Plaintiff was fifty-six years old, has a high school education, attended trade school, and completed one year of credits at Ashland Community College. His past relevant work experience is as an electronic repairman. After considering the record, ALJ Kemper made the following pertinent findings:

1. Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability.

2. Plaintiff's chronic low back syndrome and anxiety are considered "severe" based on the requirements in 20 CFR §§ 404.1520(c) and 416.920(c).

3. The medically determinable impairment does not meet or medially equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The Plaintiff's allegations regarding his limitations are not totally credible.

5. The Plaintiff is unable to perform past relevant work, but has the residual functional capacity to perform a significant range of medium work.

6. There are a significant number of jobs in the national economy that Plaintiff could perform.

7. Plaintiff was not under a disability, as defined by the Act, at any time through the date of ALJ Kemper's denial decision.

### III. Legal Analysis

Plaintiff argues that the ALJ's determination that he could perform work at the medium level of exertion is unsupported by substantial evidence. It is Plaintiff's position that the ALJ

4

failed to consider the opinion of his chiropractor, Kenneth Thielke. Contrary to Plaintiff's assertion, the ALJ *did* consider the opinion of Mr. Thielke. The ALJ noted that Mr. Thielke indicated that Plaintiff was limited to a range of light work and could only sit, stand, or walk for fifteen minutes on an occasional basis. The fact that the ALJ ultimately found that Mr. Thielke's assessment was not supported by the weight of the objective evidence does not mean that Mr. Thielke's chiropractic opinion was not considered.

It is the law of this Circuit that "the ALJ has the discretion to determine the appropriate weight to accord a chiropractor's opinion based on all evidence in the record since a chiropractor is not a medical source." *Walters v. Commissioner of Social Sec.*, 127 F.3d 525, 530 (6th Cir. 1997) (citing *Diaz v. Shalala*, 59 F.3d 307, 313-14 (2d Cir. 1995)). The ALJ clearly stated that after reviewing the reports of Drs. Weber, Balog, and Koenigsmark, along with the reports of chiropractors Thielke and Dennis, he determined that the opinion of Mr. Thielke was not consistent with the medical evidence of record. The reports of Drs. Weber, Balog, and Koenigsmark provide sufficient evidence to support ALJ Kemper's determination that Plaintiff can perform work at the medium level.

### IV. Conclusion

There was sufficient evidence for ALJ Kemper's decision to deny Plaintiff a period of disability and disability benefits.

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

(1) That the Commissioner's motion for summary judgment [Record No. 6] be, and the same hereby is, **GRANTED;** and

(2) That the plaintiff's motion for summary judgment [Record No. 5] be, and the same hereby is, **DENIED.**

This the 7th day of June, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge